UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul W. McFadden, # 147331,<br>*aka Paul Weary McFadden, Jr.,*<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>South Carolina Dept. Of Correction, Warden<br>Eagleton;<br>Associate Warden McFadden;<br>Ct. Rogers;<br>Mrs. Sellers;<br>Mr. Berthea, and<br>Dr. Drago,<br><br>　　　　　　　　Defendants.<br>_____ | C/A No.  6:11-2691-JMC-KFM<br><br>**Report and Recommendation** |

　　　　This is a civil action filed *pro se* by a state prison inmate.[1]  Plaintiff is currently confined at Evans Correctional Institution, part of the South Carolina Department of Corrections (SCDC) prison system.

　　　　The Complaint filed in this case contains vague allegations that appear to be related to those contained in the complaint in a previous case filed by Plaintiff that was recently dismissed for lack of proper form.  *See McFadden v. SCDC*, Civil Action No. 6:11-2211.  Although Plaintiff does not provide many background facts in the Complaint filed in this case, it appears that he was either fired from or injured on a job that he held outside prison walls while housed at the Palmer Pre-Release Center.  When that happened, or some time thereafter, a disciplinary charge for an

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.  *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

undisclosed violation was filed against Plaintiff, who claims to have never had any such charge filed against him throughout his prison sentence. He claims that the procedures used to convict him on that charge violated due process as well as prison policy.

Apparently following his disciplinary conviction, Plaintiff was moved from Palmer Pre-Release Center to Evans Correctional Institution. He complains that this housing transfer was made in a discriminatory fashion, that his rights were violated in connection with the disciplinary hearing, and that he was denied undisclosed medical care. He does not allege the illness or injury for which he was denied treatment, and he does not allege any facts about the nature or background of the disciplinary charge of which he complains. He asks this Court to discipline Defendants and to award him compensatory damages for "pain and suffering" he and his family have allegedly endured as a result of the allegedly false disciplinary charge and the alleged lack of medical care.

## Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with

liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## Analysis

The Complaint submitted by Plaintiff is subject to summary dismissal because it is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement[s]" of the basis for the court's jurisdiction and of the basis for Plaintiff's claims against Defendants. As stated above, Plaintiff fails to provide the Court with any factual background for the medical indifference, disciplinary hearing due process, and discriminatory transfer claims he attempts to raise in this case. Although Plaintiff's Complaint has minimal conclusory allegations about the basis for his claims against Defendants, it is not factually specific enough, even under liberal construction principles, to satisfy Rule 8's requirement of a "plain statement" of the basis of Plaintiff's claims against Defendants. There are no background facts alleged describing what caused the loss of his outside employment and his ultimate transfer away from Palmer; there is no identification of the nature of the disciplinary charge or charges that were levied against him or explanation of why the contested hearing was necessary; and there are no supporting facts provided about what type of medical care he was seeking, but was allegedly

3

denied. Some Defendants are named in connection with the minimal allegations, but, overall, the Complaint is insufficient to state any viable civil rights (or other) claims against any Defendant. While the "liberal pleading requirements" of Rule 8(a) only require a "short and plain"statement of the claim, the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001). Due to the lack of sufficient factual allegations of specific wrongdoing attributable to specific Defendants and the lack of virtually any background facts to support the claims attempting to be asserted, the Complaint is both frivolous and fails to state a claim on which relief may be granted. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d at 389 (dismissal proper where there were no allegations against defendants); *see also Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977)(dismissing a *pro se* complaint for improper pleading); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

October 27, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Rm. 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).